## THE STATE v. BAKER.

CRIMINAL LAW.—*Obstructing Highway.*—*Indictment.*—An indictment for obstructing a public highway, to be sufficient, must, by its allegations, show some actual and substantial interference with the rights of the travelling public.

From the Ohio Circuit Court.

C. A. *Buskirk*, Attorney General, and G. R. *Brumblay*, Prosecuting Attorney, for the State.

BIDDLE, C. J.—Indictment founded on section 66, 2 R. S. 1876, p. 479, for obstructing a public highway.

The charge is made in the following words:

"That one William H. Baker, late of said county and State, on the 10th day of September, A. D. 1876, at said county and State, did then and there unlawfully obstruct a certain public highway, then and there situate, leading from the city of Lawrenceburgh, in said county, to and through the village of Manchester, in said county; and said highway is commonly called the 'Lawrenceburgh and Napoleon Turnpike,' and 'Manchester Pike,' by then and there unlawfully digging and constructing a ditch twelve to eighteen inches deep, and forty feet in length, and said ditch then and there runs very nearly parallel with said turnpike, and said ditch, constructed as aforesaid, was then and there situate immediately in front of the terminus of another public highway, commonly called 'The Wright's Corner and Cambridge Road,' situate in said county, and at a point where said last mentioned public highway intersects the said turnpike at Wright's Corner, in Manchester township, in said county; contrary," etc.

After a plea of not guilty, trial and conviction, the defendant moved the court to arrest the judgment, because the facts stated in the indictment do not constitute a public offence. The court sustained the motion, and the State appeals.

This decision is right. The indictment shows no obstruction in the public highway alleged to be obstructed. A ditch "running very nearly parallel with" a highway, without showing that it runs in it, upon it, through it, or across it, or in some way to obstruct it, is not an obstruction. Such a ditch, running parallel with and near a highway, is often useful to it, and sometimes indispensable. For any thing that this indictment informs us, the ditch complained of may run many feet, yards, or even rods, distant from the highway.

The averment, that it was situated immediately in front of the terminus of another public highway, and at a point where said last mentioned highway intersects the highway alleged to be obstructed, does not show any obstruction to the latter highway. If the ditch, as alleged, is any obstruction at all, it is an obstruction to "another public highway" from that which it is alleged to obstruct.

The judgment is affirmed.